FILED
United States Court of Appeals
Tenth Circuit

December 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID E. LANDESS,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 09-9004

(United States Tax Court)

(Tax Court No. 20586-07L)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Petitioner and appellant David E. Landess appeals from an order and decision of the Tax Court upholding the determinations of the Internal Revenue Service ("IRS") Office of Appeals. We affirm.

## BACKGROUND

Mr. Landess lives in New Mexico and, from February 2000 until the present time, has had a mailing address of P.O. Box 18, Santa Teresa, New Mexico 88008. In April of 2000, Mr. Landess filed an income tax return for 1999, which reported an adjusted gross income of $138,096 and an income tax liability of $23,685. He received a refund of approximately $14,000 that year.

Through information gleaned from returns filed with the IRS by third-party payors, the IRS learned that Mr. Landess had received substantial income in 2000, 2001, 2002 and 2003. He did not, however, file tax returns for those years.

On January 5, 2006, the IRS sent to Mr. Landess at his mailing address a notice of deficiency describing income tax deficiencies and penalties as follows:

| Year | Deficiency | §6651(a)(2) | § 6651(f) | § 6654 |
|------|-----------|-------------|-----------|--------|
| 2000 | $71,748 | $17,937 | $52,017 | $3,832 |
| 2001 | $13,910 | $3,130 | $10,085 | $556 |
| 2002 | $23,658 | $3,904 | $17,152 | $791 |
| 2003 | $9,979 | $1,048 | $7,235 | $261 |

These deficiencies were based on income reported to the IRS. The penalties were for failure to pay tax (26 U.S.C. § 6651(a)(2)), fraudulent failure to file returns (26 U.S.C. § 6651(f)), and failure to pay estimated tax (26 U.S.C. § 6654). Mr. Landess did not petition the Tax Court, and the IRS assessed the amounts stated in the notice of deficiency.

Additionally, Mr. Landess was, at all times relevant to this appeal, an employee of Gardner Turfgrass, Inc. In February 2000, Mr. Landess sent a letter to Gardner demanding that it stop withholding income taxes from his wages. In 2001 and 2002, Mr. Landess gave to Gardner his W-4 forms which declared himself to be exempt from federal income tax withholding. Although the Commissioner was unable to locate Mr. Landess's W-4 form for 2004, other information and materials in the IRS's possession indicate that Mr. Landess had taken the same position in 2004—i.e., he claimed he was exempt from withholding. Accordingly, Mr. Landess's wages and income tax withheld are as follows:

| Year | Wages | Income tax withheld |
|------|-------|---------------------|
| 2001 | $117,135 | $9 |
| 2002 | $149,571 | $0 |
| 2003 | $94,079 | $0 |
| 2004 | $87,102 | $0 |

Meanwhile, on December 6, 2004, the IRS had sent a "lock-in" letter to Gardner, instructing Gardner to withhold income taxes from Mr. Landess's paychecks as if he was a single man filing with no exemptions from withholding. On the same day, the IRS sent a letter to Mr. Landess informing him of the instructions it had just given Gardner, and explaining how he could challenge the IRS's withholding determination.[1] The letter also informed Mr. Landess that 26 U.S.C. § 6682 allows the imposition of a $500 penalty on anyone who gives false information with respect to withholding, and stated that the IRS would "charge you the $500 penalty unless you provide a reasonable basis for the statements on your Form W-4." R. Vol. 1.

Gardner followed the IRS's instructions and in 2005 it withheld $23,746 from Mr. Landess's wages of $97,168. On February 28, 2005, the IRS assessed a $500 penalty against Mr. Landess for providing false information regarding his withholding for 2004.

In May 2005, Mr. Landess sued Gardner in New Mexico state court for debt, money due and conversion. The New Mexico trial court dismissed Mr. Landess's suit pursuant to 26 U.S.C. § 3403, which provides that the employer is not liable to an employee for withheld taxes, and it sanctioned

---

[1]The "lock-in" letter is the subject of the other appeal Mr. Landess has before this court. See Landess v. Commissioner, No. 09-9001, ___ Fed. Appx. ___ (10th Cir. Nov. __, 2009).

-4-

Mr. Landess for bringing a frivolous action. The New Mexico Court of Appeals affirmed, and it sanctioned Mr. Landess for filing a frivolous appeal.

On January 29, 2007, the IRS sent Mr. Landess a final notice of intent to levy, which also informed Mr. Landess of his right to seek a collection due process ("CDP") hearing before the IRS Office of Appeals regarding the 2000 through 2003 deficiencies, as well as the $500 penalty for false withholding of information. On February 1, 2007, the IRS filed a notice of federal tax lien against Mr. Landess for the same liabilities. On February 8, 2007, the fifth business day after the filing of the lien, the IRS timely sent Mr. Landess notice of the lien filing and of his right to a CDP hearing regarding it.

On February 23, the Appeals Office received a request from Mr. Landess for a CDP hearing regarding the proposed levy. Mr. Landess requested a face-to-face conference in the IRS office nearest to his residence. He indicated he wanted to verify that the IRS had followed all legally required procedures and, further, he wanted to challenge the underlying liabilities and find out what collection alternatives were available to him if it turned out that the assessed liabilities were correct. On March 8, the IRS received from Mr. Landess a timely request that a CDP hearing regarding the lien filing be combined with the already-requested hearing regarding the levy.

Upon receipt of Mr. Landess's requests, the IRS Appeals Office sent to him a letter describing the CDP process. The letter informed Mr. Landess that the

Appeals Office would not consider certain collection alternatives, unless he had filed all required tax returns, was current on his estimated tax payments, and had provided a completed collection information statement. In response, Mr. Landess sought a face-to-face conference, claiming that he had not yet received a notice informing him of the underlying liabilities and allowing him to dispute that. Further, he demanded substantiation of the assessments against him.

The Appeals Office then scheduled a CDP conference for 11:00 a.m. on July 17, 2007, in Albuquerque, giving Mr. Landess the option of either a face-to-face or telephone conference. The scheduling letter informed Mr. Landess that he could not dispute his income tax and related liabilities because he had received a notice of deficiency. See 26 U.S.C. § 6330(c)(2)(B). In response, Mr. Landess requested that the conference be moved closer to his residence or that the IRS pay his travel expenses to the conference. Mr. Landess continued to claim that he had not yet had the opportunity to dispute the liabilities and to demand that the IRS provide evidence supporting its claims. As it turned out, Mr. Landess failed to attend the conference either in person or by phone, and he did not respond to a follow-up letter giving him time to make additional written submissions. The Appeals Office accordingly closed Mr. Landess's case.

On August 9, 2007, the Appeals Office sent Mr. Landess two notices of determination, one upholding the filing of the tax lien and the other upholding the proposed levy. The notices informed Mr. Landess that he was not entitled to a

collection alternative because he had not satisfied the filing, payment and informational requirements therefor. The notices confirmed that a review of the best information available, including IRS computer records, indicated that all legal requirements had been met and all administrative procedures had been followed. The notices further stated that a computer printout of Mr. Landess's transcript had been provided to him and that the Appeals Office had ordered certified transcripts and would forward them to Mr. Landess upon receipt. The notices explained that Mr. Landess had never provided the requested documents, had not attended the scheduled conference, and had not responded to the post-conference, follow-up letter. The notices stated that, because Mr. Landess had not pursued his CDP rights, the Appeals Office had determined that the lien filing and the proposed levy had properly balanced the need for efficient tax collection with Mr. Landess's legitimate concern that collection be no more intrusive than necessary.

Under 26 U.S.C. § 6330(d)(1), Mr. Landess had thirty days (until September 8, 2007) to file a petition in the United States Tax Court. Mr. Landess timely filed on Monday, September 10, 2007.[2] In his petition to the Tax Court, Mr. Landess included some criticisms of the CDP hearing process, but he did not raise any substantive issues regarding his tax liabilities.

---

[2]September 8, 2007, was a Saturday.

The Commissioner moved for partial summary judgment on the issue of whether Mr. Landess had any right in the CDP hearing to challenge the income tax and penalty assessments for 2000 through 2003, or to obtain from the IRS documents supporting his position on those liabilities. The Commissioner argued that 26 U.S.C. § 6330(c)(2)(B) prevented Mr. Landess from challenging the existence or amount of those underlying liabilities because the Commissioner had mailed a notice of deficiency to Mr. Landess's last known address. The Commissioner opined that the IRS was not required to give taxpayers "verification" documents, but that the Appeals Office had, nonetheless, given Mr. Landess transcripts of his account. The Commissioner further observed that Mr. Landess had failed to satisfy the requirements for a collection alternative, and that he did not contest a taxpayer's right to challenge his liability for the 26 U.S.C. § 6682 penalty for providing false and withholding information.

The Tax Court examined the Commissioner's motion and concluded that summary judgment appeared appropriate. The court ordered the Commissioner to file a supplemental brief explaining why summary judgment was appropriate on all issues, and it ordered Mr. Landess to file a response to the supplemented motion.

In his supplement, the Commissioner stated that he had obtained additional documents regarding the 26 U.S.C. § 6682 penalty and that he had concluded that Mr. Landess could not challenge the penalty because he already had an

opportunity to do so. The Commissioner defended the imposition of the penalty, stated that Mr. Landess's failure to participate in the administrative CDP hearing precluded him from challenging in court either the assessments or the proposed collection activities, and explained why Mr. Landess was not entitled to CDP relief.

In his three responses to the Commissioner's supplemented motion, Mr. Landess primarily contended that the Tax Court should conduct an appeal, under an abuse-of-discretion standard, and limited to the record established during the administrative CDP hearing. Mr. Landess also argued that the Appeals Office should have provided him with substantiation for the assessments at issue and should have allowed him to challenge those underlying liabilities because he claimed that he did not receive notice of any deficiency.

The Tax Court held a hearing on the Commissioner's motion, which Mr. Landess did not attend. Instead, he relied upon his written submissions.

The Tax Court rendered an opinion from the bench granting summary judgment to the defendants upholding the collection actions. The court found that the Commissioner had issued a notice of deficiency to Mr. Landess and that Mr. Landess could not challenge its existence or amount. The court reviewed the administrative record and determined that the Appeals Office had not abused its discretion when it upheld the filing of the tax lien and proposed levy. The court also noted that the Appeals Office had informed Mr. Landess of his rights and had

used transcripts to confirm the propriety of the assessments and the timely sending of appropriate notices. The court further found Mr. Landess had neither raised relevant issues nor complied with the requirements for a collection alternative, and it stated that the Appeals Office had properly balanced efficiency with intrusiveness. The court concluded that Mr. Landess had instituted this case to protest the tax system, and it warned him that he could be sanctioned up to $25,000 under 26 U.S.C. § 6673 if he advanced similar arguments in the future.

Accordingly, the tax court entered an order and decision granting summary judgment to the Commissioner, and stating that the IRS could proceed with the collection actions at issue. Mr. Landess moved to vacate, repeating many arguments made unsuccessfully before. The court denied Mr. Landess's motion and this appeal followed.

Mr. Landess frames the issues on appeal as follows:

1. Did Tax Court err in applying the wrong standard of review and conducting a trial *de novo*, rather [than] the judicial review of the administrative record?

2. Did Tax Court err in granting the Supplement to Respondent's Motion for Partial Summary Judgment?

Appellant's Op. Br. at 1-2.

**DISCUSSION**

We have carefully reviewed the entire record in this case, including all of Mr. Landess's pleadings and submissions. We cannot improve on the thorough decision rendered by the Tax Court in its ruling from the bench on February 9, 2009. Accordingly, for substantially the reasons stated in that decision, we affirm the Tax Court's grant of summary judgment to the Commissioner.

Furthermore, as did the Tax Court, we find Mr. Landess's arguments to be frivolous. We caution Mr. Landess that he may be subject to sanctions if he files further specious appeals relating to his taxes, penalties or interest for the years addressed herein.

**CONCLUSION**

We AFFIRM the decision of the Tax Court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge